**ABIR COHEN TREYZON SALO, LLP**
Boris Treyzon, Esq. (SBN 188893)
Douglas A. Rochen, Esq. (SBN 217231)
Derek S. Chaiken, Esq. (SBN 259061)
Aaron Lavine, Esq. (SBN 260277)
1901 Avenue of the Stars, Suite 935
Los Angeles, CA  90067
Telephone (310) 407-7888
Facsimile   (310) 407-7915

Attorneys for Plaintiff HARJIT THANDI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HARJIT THANDI, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>NUTRIBULLET, L.L.C., a California Limited Liability Company, CAPITAL BRANDS, L.L.C., a California Limited Liability Company, HOMELAND HOUSEWARES, L.L.C., a California Limited Liability Company, CALL TO ACTION, L.L.C., a California Limited Liability Company, NUTRILIVING, L.L.C., a California Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Negligence**<br>2. **Strict Liability – Failure to Warn**<br>3. **Strict Liability – Manufacturing Defect**<br>4. **Strict Liability – Design Defect**<br>5. **Breach of Implied Warranty of Merchantability**<br>6. **Unfair Competition in Violation of Bus. & Prof. Code 17200, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff HARJIT THANDI hereby alleges as follows:

- 1 -
COMPLAINT FOR DAMAGES

**PARTIES**

1.     Plaintiff HARJIT THANDI ("Plaintiff" or "Ms. Thandi") is an individual, and a citizen and resident of the City of Surrey, Provence of British Columbia, County of Canada.

2.     **Defendants**

a.     Defendant NUTRIBULLET, L.L.C. is a California Limited Liability Corporation with its principal office in Los Angeles, California. Defendant NUTRIBULLET, L.L.C. is in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names, amongst other brands (collectively referred to as "NutriBullet blenders"). These products are intended for use as household blenders.

b.     Defendant CAPITAL BRANDS, L.L.C. is a California Limited Liability Company, with its principal office in Los Angeles, California. Defendant CAPITAL BRANDS, L.L.C. is in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names, amongst other brands. These products are intended for use as household blenders.

c.     Defendant HOMELAND HOUSEWARES, L.L.C. is a California Limited Liability Company, with its principal office in Los Angeles, California. Defendant HOMELAND HOUSEWARES, L.L.C is in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names, amongst other brands. These products are intended for use as household blenders.

d.     Defendant CALL TO ACTION, L.L.C. is a California Limited Liability

COMPLAINT FOR DAMAGES

Company, with its principal office in Los Angeles, California. CALL TO ACTION, L.L.C is in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names, amongst other brands. These products are intended for use as household blenders.

e.    Defendant NUTRILIVING, L.L.C. is a California Limited Liability Company, with its principal office in Los Angeles, California. Defendant NUTRILIVING, L.L.C is in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names, amongst other brands. These products are intended for use as household blenders.

f.    Each and every member and owner of each Defendant named herein is a resident and domiciliary of the State of California.

g.    Collectively, NUTRIBULLET, L.L.C., a California Limited Liability Company, CAPITAL BRANDS, L.L.C., a California Limited Liability Company, CALL TO ACTION, L.L.C., a California Limited Liability Company, HOMELAND HOUSEWARES, L.L.C., a California Limited Liability Company, NUTRILIVING, L.L.C., a California Limited Liability Company, shall be referred to as "Defendants" herein.

3.    The true names, identities and capacities of those defendants designated as DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who sue said defendants by such fictitiously designated names. Plaintiff is informed and believe and, on the basis thereof, allege that each of the Defendants designated herein as a DOE was a California resident and in some way was legally responsible for the events herein alleged. Plaintiff will seek leave of court to set forth the true names, identities and capacities of defendants designated as DOES 1 through 10, inclusive,

COMPLAINT FOR DAMAGES

when same has been ascertained. Does 1 through 10 are incorporated as though one of the named Defendants throughout the Complaint.

4.    Plaintiff is informed and believes and on the basis thereof alleges that defendants and DOES 1 through 10, inclusive, and each of them were responsible for the design, manufacturing, development, research, testing, inspection, packaging, mass- production, advertisement, promotion, supply, distribution, sale, delivery, instructions on, warnings about, and labeling of the NutriBullet blender, believed to be Magic Bullet blender.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this controversy based on complete diversity of the parties, 28 U.S.C. Section 1332(a) (2), and because the amount in controversy exceeds the $75,000.00 minimum jurisdictional requirement, exclusive of costs and attorney's fees.

6.    Venue is appropriate in this District, pursuant to 28 U.S.C. Section 1391(b)(1), because each and every one of the Defendants is a limited liability company, originating and operating out of the County of Los Angeles, State of California, in the Central District of California.  All of the managers, members, agents, and employees, for each and every one of the Defendants operates from their principal place of business at 11755 Wilshire Boulevard, Suite 1200, Los Angeles, California 90025.  Venue is also proper in the Central District of California because Defendants' principal place of business is where many of the unlawful acts which caused Plaintiff's harm took place, specifically the designing, developing, formulating, manufacturing, testing, packaging, promoting, labeling, advertising, marketing, instructing on, warning about, distributing, supplying and/or selling products and blenders marketed under the NutriBullet and MagicBullet brand names, amongst other brands.

/ / /

COMPLAINT FOR DAMAGES

## **GENERAL ALLEGATIONS**

7.    This action arises from Plaintiff HARJIT THANDI's use of Defendants' defective product, which Plaintiff HARJIT THANDI is informed and believes was a Magic Bullet blender.

8.    The subject blender used by Plaintiff caused a severe laceration to her left hand resulting in permanent injuries.

9.    Plaintiff cooks regularly at her home for herself and her teenage son.

10.    In order to assist her food preparation activities for her family, Plaintiff purchased Defendants' MagicBullet blender from a retail store in Bellingham, Washington.

11.    On or about the morning of July 11, 2016, Plaintiff was using the MagicBullet blender at her home to prepare a protein shake prior to going to work.

12.    The shake consisted of oatmeal, ground flax, hemp seed, protein powder, cinnamon, fruit and milk.

13.    All NutriBullet blenders, including the one used by Plaintiff, essentially have three components: a powered base unit which contains a high-speed motor ("base"), a plastic cup-shaped container that holds ingredients to be blended ("canister"), and a plastic lid mounted with metal blades ("blade assembly"), which screws into the cup and is energized by the base.

a.    On or around March 23, 2004, a design patent (no. D487,668) was issued for a "blender and canister set." Leonard "Lenny" Sands was named as the inventor, and the patent was assigned to Lohan Media LLC.

b.    On or around January 26, 2004, a Design Patent Assignment was executed which transferred Lohan Media, LLC's interest in patent no. D487,668 (then identified under Design Patent Application No. 29/185,182) to Defendant Homeland Housewares, LLC.

c.    Between January 11, 2005 and February 17, 2009, several design patents (nos. D500,633; D501,759; D517,862; D519,321; D521,802; D532,255;

COMPLAINT FOR DAMAGES

D544,427; and D586,620) were issued for items described as "mugs," "blender base and containers," and "mug with ring." Leonard "Lenny" Sands was named as the inventor, and the patents were assigned to Defendant Homeland Housewares, LLC[1].

> d. On or around June 19, 2012, Defendant Homeland Housewares, LLC registered a trademark for the trademark "Nutri Bullet" (serial no. 852,15434).

> e. Plaintiff believes that Defendant Homeland Housewares, LLC and Defendant Nutribullet, LLC are wholly owned subsidiaries of Capital Brands, LLC, a California limited liability company. Defendant Capital Brands, LLC is a privately-owned company and not publicly traded or listed. At all relevant times, al Defendants worked in concert with the other Defendants as each other's agents in connection with NutriBullet blenders.

14. After the blade assembly is screwed onto the cup, the cup and the blade assembly is then inverted and pressed down into the power base, which initiates the movement of the blades affixed to the lid. If the cup and blade assembly is twisted while on the power base, plastic tabs on the assembly will lock it in place on the power base, creating an open electrical circuit to allow the high-speed motor to operate the blades. Twisting of the assembly in the opposite direction should bring the motor to a stop, release the assembly, and disengage the motor.

15. Each NutriBullet blender, including the Magic Bullet, comes with a User Guide and Recipe Book, which encourage use of various ingredients, and also contains recipes and instructions for making hot soups with the blender.

16. On or about the morning of July 11, 2016, the MagicBullet owned and operated by Plaintiff malfunctioned, with the canister becoming dislodged from the base. Even though the canister had dislodged from the base, the plastic tabs on the assembly became locked on to the power base, allowing the blades to continue operating.

---

[1] See https://www.nutribullet.com/patents.html (as of July 7, 2017).

COMPLAINT FOR DAMAGES

17.    Plaintiff did not know the blades were continuing to operate, and rather believed that because the canister was not "locked in," the electrical circuit was closed and the blades would not operate.

18.    When Plaintiff attempted to move the base, the MagicBullet blades began to spin suddenly and without notice and directly into her left hand, causing her left index finger to suffer many severe lacerations.

19.    As a result of this incident, Plaintiff went to the emergency room for immediate treatment and, because of the many jagged cuts to her finger, the treating physician was forced to glue and gauze her finger rather than close the wound via stitches or sutures.

20.    Since the date of the incident, Plaintiff Harjit Thandi has suffered severe pain and nerve damage which has significantly and, likely, permanently impacted her life on a daily basis.

21.    Plaintiff has undergone significant treatment to her hand and continues to receive physical therapy treatment to treat her severe pain, as well as flexibility and range of motion symptoms issues.

22.    Plaintiff continues to receive treatment for her hand, but it is likely that her hand will never completely heal.

23.    As a result, she will have to live with the severe pain and nerve damage caused by the MagicBullet.

24.    When Plaintiff reported the malfunction of her MagicBullet to Defendants, they declined to take any responsibility for the incident.

25.    Even though Plaintiff fully cooperated in Defendants' investigation of the MagicBullet's malfunction, and mailed her MagicBullet to Defendants. Defendants' requests, as set forth in this paragraph were made out of its offices located in Pacoima, California.

COMPLAINT FOR DAMAGES

26.     On May 3, 2017, Plaintiff made a demand for preservation of evidence on Defendants' corporate offices located in Los Angeles, California.   To date, Defendants have not responded to Plaintiff's demand.

27.     Defendants have been aware of the risk of injuries to its users caused by NutriBullet blenders since at least 2011 that the blender may operate even though the canister and assembly lid is not affixed to the base.

28.     Defendants have been aware of the risk of injuries associated with NutriBullet blenders since at least 2014, but the Defendants failed to do anything about the defective nature of the NutriBullet blender as to prevent the type of injuries it knew it caused for years prior to Plaintiff suffering her injuries, including but not limited to, failures in not issuing warnings, changing the defective design, or recalling of the blender, thereby consciously disregarding the safety of NutriBullet users including Plaintiff, yet continuing to collect profits from the sale of over 40 million units worldwide. Accordingly, Defendants were aware for many months and possibly up to four years, that its blenders, including the Magic Bullet, presented exactly the same type of risk which injured Plaintiff HARJIT THANDI.

29.     Specifically, Plaintiff is aware that in a report published on SaferProducts.gov, a 48-year-old woman describes that in August 2016, she attempted to remove the blender canister after finishing blending, but the blades continued to run despite the fact that she had dislodged the blender canister from the base. Her right hand went directly into the blade assembly causing severe lacerations.

30.     Moreover, Plaintiff is aware that in a report published on SaferProducts.gov, a 45-year-old woman describes that in August 2014, she suffered injuries when her NutriBullet blender exploded by blending, and that the blades from her machine continued to spin without the blender canister attached.

31.     Since at least 2011, Defendants were also aware of the risk of injuries associated with their very similar product existing under the same set of patents as

COMPLAINT FOR DAMAGES

Plaintiffs' blender, the Magic Bullet blender. In a report published on SaferProducts.gov, a Magic Bullet consumer described injuries she suffered when she was blending hot sweet potatoes with her Magic Bullet blender. The consumer report stated that when she began to unscrew the lid of her Magic Bullet blender, the contents exploded in a six-foot radius around her kitchen, causing burns and other injuries. As set forth in the report, this Magic Bullet blender consumer personally contacted Defendant Homeland Housewares, LLC, and the parent company for Defendant NutriBullet, LLC, on October 20, 2011. The report was sent by Defendant Homeland Housewares, LLC to the Consumer Product Safety Commission in October 2011. Accordingly, Defendants fraudulently concealed and intentionally failed to disclose to Plaintiffs the defective nature of the NutriBullet blenders, including the Magic Bullet, in violation of common law. Additionally, other similar prior incidents were either widely-covered in the media or published on Saferproducts.gov:

a.   In a report published on SaferProducts.gov in January 2015, 45-year-old woman describes that in August 2014, she suffered second- or third- degree burns on her face, forehead and neck when her NutriBullet exploded while blending.

b.   In July 2015 a woman in England suffered burn injuries to her face after her NutriBullet blender malfunctioned. This incident was widely covered by the media, and a NutriBullet representative made a public statement regarding this incident, indicating that NutriBullet had knowledge of this incident.

c.   In a report published on SaferProducts.gov in January 2016, a NutriBullet user described how they were unable to unscrew the canister of their machine from the blade assembly due to pressure. Later that evening, the canister exploded. Fortunately, the user suffered no injuries.

d.   There are numerous reviews on Amazon.com for NutriBullet blenders wherein the reviewer describers how the canister exploded during normal

use, often spraying hot food product onto the user. These reviews and the incidents of explosion pre-date the explosion that is the subject of this lawsuit.

e. As early as May 2014, if not earlier, Defendants received complaints of dangerous explosions involving product defects, specifically over-pressurization of Nutribullet canisters from foreseeable uses, from customers.

32. Notwithstanding its knowledge of the immediate and severe danger posed by their products to consumers, Defendants failed to do anything about the defective nature of the blender as to prevent the type of injuries it knew it caused for years prior to Plaintiff suffering her injuries. Possible actions that could have been taken by Defendants included but were not limited to issuing warnings, changing the defective design, or recalling the blender. Defendants consciously disregarded the safety of its users, including Plaintiff, yet continuing to collect profits from the sale of over 40 million units worldwide. Since 2011, many consumers have lodged complaints of malfunctions of Defendants' NutriBullet blenders, putting Defendants on notice of the defects in its products, but Defendants elected to continue sale of its products to the detriment of its customers. Accordingly, Defendants were aware that its NutriBullet blenders presented exactly the same type of risk which injured Plaintiff, prior to Plaintiff suffering her injuries, and therefore, Defendants fraudulently concealed and intentionally failed to disclose to Plaintiff the defective nature of the NutriBullet blenders, in violation of common law. Accordingly, years before Plaintiff was injured by the NutriBullet blender, Defendants were aware that this type of product presented a risk of injury to its consumers, which Plaintiff ultimately suffered, including information that its NutriBullet blenders can and will explode or cause its contents to erupt under certain circumstances.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

# FIRST CLAIM FOR RELIEF

## Negligence

**(Plaintiff HARJIT THANDI as to ALL DEFENDANTS and DOES 1 – 10)**

33.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

34.    At all times relevant times to this action, Defendants and DOES 1 – 10, inclusive, had a duty to exercise reasonable care, and to comply with the existing standards of care, in their preparation, design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about distribute, supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names, including the Magic Bullet, which Defendants introduced into the stream of commerce to be used as household blenders, including a duty to ensure that users would not suffer from unreasonable dangerous accidents while using the machine.

35.    At all times relevant to this action, Defendants had a duty to ensure that their products, including the Magic Bullet, did not pose a significantly increase risk of bodily harm and adverse events.

36.    At all relevant times, Defendants, knew or reasonably should have known that its products, including the Magic Bullet, were unreasonably dangerous and defective when used for its intended use, including but not limited to the following particulars: a) the Magic Bullet  blade assembly will operate even when the canister is not locked into the base, causing unexpected rotation of the blade and potential to cause severe lacerations to consumers; b) the canister will over-pressurize, causing the canister and/or blade assembly to separate from the base, exposing users to uncovered and still-spinning blades, or causing the contents of the canister to erupt onto the skin of users causing burn injuries; and, c) that the warnings and labels on the Magic Bullet, and its user manual, are inadequate to alert the consumer of the dangers in using said machine.

COMPLAINT FOR DAMAGES

37.    At all relevant times, Defendants knew or reasonably should have known that its products, including the Magic Bullet, was unreasonably dangerous and defective when used for its intended use, and that Plaintiff would foreseeably suffer injury as a result of Defendants' failure to exercise reasonable care.

38.    Defendants failed to modify or otherwise retrofit its products, including the Magic Bullet, to make it safe for use, and otherwise failed to warn consumers of the dangers which Defendants knew or should have known existed.

39.    The likelihood and gravity of the harm presented by the Magic Bullet outweigh the utility of the design of the product.

40.    The product defects alleged above were substantial factors contributing to the cause of injuries and damages suffered by Plaintiff HARJIT THANDI.

41.    As a direct and proximate cause of the negligence of Defendants, Plaintiff HARJIT THANDI suffered, and will continue to suffer, personal injuries, including but not limited to, loss of mobility, use and feeling in her hand, scarring, general damages and other economic and non-economic damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Strict Products Liability – Failure to Warn
**(Plaintiff HARJIT THANDI as to ALL DEFENDANTS and DOES 1 -10)**

42.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

43.    At all relevant times, Defendants and Does 1-10 were in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names, such as the Magic Bullet. These products are intended for use as household blenders.

COMPLAINT FOR DAMAGES

44.    Defendants placed the NutriBullet blenders, including the Magic Bullet, into the stream of commerce.

45.    The NutriBullet blenders, including the Magic Bullet, were defective at the time they were placed into the stream of commerce by Defendants in that: 1) it had inadequate warnings or instructions; 2) Defendants knew about but failed to inform consumers of the risks presented, thereby preventing consumer, including Plaintiffs, from eliminating or reducing the risk; 3) the NutriBullet blenders, including the Magic Bullet, failed to provide adequate safe-use instructions; and 4) Defendants knew or should have known that the NutriBullet blenders, including the Magic Bullet, were unreasonably dangerous in that it created a substantially increased risk of serious bodily harm to reasonably foreseeable consumers, including Plaintiff, and Defendants failed to adequately warn of such increased risk.

46.    The NutriBullet blenders, including the Magic Bullet, was also defective due to inadequate post-marketing warning or instructions because Defendants failed to provide adequate warnings to consumers after Defendants knew or should have known of the risk of serious bodily harm from the intended or foreseeable use of the products.

47.    As a direct and proximate result of Plaintiff HARJIT THANDI's foreseeable use of the Magic Bullet, Plaintiff HARJIT THANDI suffered, and will continue to suffer, personal injuries, including but not limited to, scarring, disfigurement, and general damages and other economic and non-economic damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

### Strict Liability – Manufacturing Defect

**(Plaintiff HARJIT THANDI as to ALL DEFENDANTS and DOES 1-10)**

48.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

49.    At all relevant times, Defendants and Does 1-10 were in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names, such as the Magic Bullet. These products are intended for use as household blenders.

50.    Defendants placed the NutriBullet blenders, including the Magic Bullet, into the stream of commerce.

51.    The NutriBullet blenders, including the Magic Bullet, contained a manufacturing defect at the time it left Defendants' possession.

52.    Plaintiff HARJIT THANDI was harmed by the Magic Bullet, when the Magic Bullet canister and blade/lid assembly separated, and then shot off the base of the machine, causing the contents of the machine to erupt onto Plaintiff's skin, causing serious burns.

53.    The manufacturing defect in the NutriBullet blenders, including the Magic Bullet, was the direct and proximate cause of Plaintiffs' injuries described herein.

54.    As a direct and proximate result of the manufacturing defect, Plaintiff HARJIT THANDI suffered, and will continue to suffer, personal injuries, including but not limited to, scarring, disfigurement, and general damages and other economic and non-economic damages in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF

### Strict Liability – Design Defect

**(Plaintiff HARJIT THANDI as to ALL DEFENDANTS and DOES 1-10)**

55.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

56.    At all relevant times, Defendants and Does 1-10 were in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell products and

COMPLAINT FOR DAMAGES

blenders marketed under the NutriBullet and MagicBullet brand names, such as the Magic Bullet. These products are intended for use as household blenders.

57.    Defendants placed the NutriBullet blenders, including the Magic Bullet, into the stream of commerce.

58.    Plaintiff HARJIT THANDI was harmed by the Magic Bullet, when the Magic Bullet canister and blade/lid assembly separated, and then shot off the base of the machine, causing the contents of the machine to erupt onto Plaintiff's skin, causing serious burns.

59.    An ordinary consumer would not have expected the NutriBullet blenders, including the Magic Bullet, to malfunction in such a manner, as described above, exposing the consumer to hot contents.

60.    Plaintiff was harmed by the Magic Bullet blender when, as a result of a malfunction which an ordinary consumer would not expect, and as a result of a design which causes an unreasonable risk of danger, the canister and blade/lid assembly separated and shot off the base of the machine, causing the contents of the machine to erupt onto Plaintiff's skin, causing serious burns.

61.    The design defect, described above, in the NutriBullet blender, including the Magic Bullet, was the direct and proximate cause of Plaintiff's injuries described herein.

62.    As a direct and proximate result of Plaintiff's foreseeable use of the Magic Bullet and the design defect, Plaintiff HARJIT THANDI suffered, and will continue to suffer, personal injuries, including but not limited to, scarring, disfigurement, and general damages and other economic and non-economic damages in an amount to be proven at trial.

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

# FIFTH CLAIM FOR RELIEF

## Breach of Implied Warranty of Merchantability

### (Plaintiff HARJIT THANDI as to ALL DEFENDANTS and DOES 1-10)

63.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

64.    At all relevant times, Defendants and Does 1-10 were in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names, such as the Magic Bullet. These products are intended for use as household blenders.

65.    Plaintiff is informed and believes Defendants impliedly warranted to Plaintiff that the NutriBullet blenders, including her Magic Bullet, was of merchantable quality and safe for the use for which it was intended, that is to mix and blend food safely under conditions reasonable foreseeable to be related to its use, including the incident described herein.

66.    Plaintiff relied on the skill and judgment of Defendants in using the Magic Bullet, in a manner in which it was reasonably intended to be used and as a direct and proximate result of the breach of the implied warranties by defendants, and each of them, Plaintiff sustained the injuries and damages described herein.

67.    The produce was unsafe for its intended use, and it was not of merchantable quality, as warranted by Defendants, in that it had very dangerous propensities when put to its intended use and would cause severe injury to the user. The Magic Bullet was unaccompanied by warning of its dangerous propensities that were either known or reasonable scientifically knowable at the time of distribution.

68.    On or about December 24, 2015, Plaintiffs' Magic Bullet blender involved in this incident was in substantially the same condition as when it was originally designed, developed, tested, packaged, labeled and sold by Defendants.

COMPLAINT FOR DAMAGES

69.    Plaintiff was injured, as described herein, while using the Magic Bullet in a foreseeable manner for its intended uses.

70.    As a proximate and legal result of the defective and unreasonably dangerous condition of the NutriBullet blenders, including the Magic Bullet, manufactured and supplied by Defendants, Plaintiff was caused to suffer the herein described injuries.

71.    That as a direct and legal result of such breach of implied warranty, and the dangerous condition of the Magic Bullet, as alleged herein, Plaintiff HARJIT THANDI suffered, and will continue to suffer personal injuries, including but not limited to, scarring, disfigurement, and general damages and other economic and non-economic damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### Violation of the Cal. Bus. & Prof. Code § 17200, *et seq.*

**(Plaintiff HARJIT THANDI as to ALL DEFENDANTS and DOES 1-10)**

72.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

73.    Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice." Defendants' conduct, as described above, is unlawful, unfair and fraudulent in violation of the statute.

74.    Defendants' acts and practices are unlawful because they violate California Civil Code §§ 1572, 1709, 1710, and 1770(a)(5) and/or 1770(a)(7), as well as common law. Defendants' acts and practices are also unlawful because they violate § 17500 of the Business and Professions Code.

75.    Defendants violated the UCL when they concealed and/or failed to disclose the known defects in the NutriBullet blenders to members of the public, in violation of the California Consumer Legal Remedies Act ("CLRA").

COMPLAINT FOR DAMAGES

76.    Defendants violated the UCL by failing to disclose a substantially injurious defect to consumers, contrary to "established public policy" of the CLRA.

77.    Defendants violated the UCL by fraudulently concealing and intentionally failing to disclose to Plaintiff the defective nature of the NutriBullet blenders, in violation of common law.

78.    Defendants violated the UCL by actively concealing and omitting from its marketing and other communications, material information about the NutriBullet blenders, in a manner that has deceived and is likely to deceive consumers and the public.

79.    Defendants violated the UCL by selling NutriBullet blenders that were defective in design and manufacture.

80.    Defendants violated the UCL by holding the NutriBullet blenders out as safe.

81.    The financial injury and risk of personal safety to consumers by Defendants' conduct greatly outweighs any alleged countervailing benefit to consumers of competition under all of the circumstances. The fraudulent conduct described herein was known to, and authorized by Defendants' officers, directors and managing agents.

82.    The injury to consumers by Defendants' conduct is not an injury that consumers themselves could reasonable have avoided because of Defendants' concealment of material fact.

83.    To this day, and in addition to failing to disclose the defect, Defendants continue to violate the UCL by continuing to actively conceal the material information regarding the defective nature of the NutriBullet blenders, and by failing to disclose that NutriBullet blenders, are both defective and dangerous.

84.    In addition to failing to disclose the defect, Defendants' advertising campaigns also violated the UCL. Throughout the relevant time period, Defendants engaged in a long-term advertising campaign that was likely to deceive members of

the public by failing to disclose the material fact that NutriBullet blenders are defective, and to the contrary, advertised that the product was an integral part of a healthy lifestyle.

85.    As a direct and proximate cause of Defendants' acts, which constituted violations under the unlawful, unfair and fraudulent prongs of the UCL, Plaintiff has suffered injury in fact and lost money. Moreover, Plaintiff faces unsafe conditions as a result of the defective nature of the MagicBullet blender. Plaintiff has lost money and suffered injuries in fact because, had Defendants disclosed the true defective nature of the NutriBullet blenders, Plaintiff would not have incurred medical expenses resulting from their injuries.

86.    As a proximate result of Defendants' violation of the UCL, Defendants have been unjustly enriched and should be required to repair the defective NutriBullet blenders, and make restitution to Plaintiff.

87.    Plaintiff demands judgment against Defendants for injunctive relief in the form of restitution, along with injunctive relief in the form of replacement of Plaintiff's MagicBullet blender with units displaying appropriate warnings, with interest, attorneys' fees and costs pursuant to, *inter alia*, Cal. Code Civ. Proc. § 1021.5.

88.    Plaintiff also demands judgment against Defendants for injunctive relief requiring distribution to all NutriBullet blenders' consumers of warnings regarding the NutriBullet blenders' inherent dangers, with interest, attorneys' fees and costs pursuant to, *inter alia*, Cal. Code Civ. Proc. § 1021.5.

89.    Plaintiff provided notice of her claim to Defendants under CLRA section 1782 subd.(a) on October 23, 2017.

90.    Defendants have refused to provide the requested relief or restitution pursuant to Plaintiffs' claim.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and Does 1 - 10, and each of them, for each cause of action, as follows:

1.    For all special damages including but not limited to, lost wages and future earning capacity, reimbursement of medical and other related bills, future medical bills and the reasonable value of the loss of household services;

2.    For all general damages including but not limited to, damages for pain, suffering, anguish, discomfort, disgust, terror, fright, anger, anxiety, worry, nervousness, shock, anguish and mental suffering, loss of enjoyment of life, loss of ability to engage in normal and customary activities, loss of comfort, society, care and companionship;

3.    For punitive and exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

4.    To the extent Defendants continues to market and sell the NutriBullet blenders, including the Magic Bullet, in the manner challenged in this action, an order requiring Defendants to immediately cease their wrongful conduct as set forth above, as well as enjoining Defendants from continuing to falsely market and advertise, conceal material information and conduct business via the unlawful and unfair business practices complained of herein; and an order requiring Defendants to engage in corrective notice campaign;

5.    An order requiring Defendants to immediately provide to all NutriBullet blender consumers notice of the inherent dangers of the NutriBullet blenders, and adequate warnings which will prevent future injuries;

6.    Reasonable cost and attorneys' fees;

7.    Statutory pre-judgment interest;

8.    For other and further special damages in a sum according to proof at the time of trial;

COMPLAINT FOR DAMAGES

9.     For other and further general damages in a sum according to proof at the time of trial;

10.    For costs of suit incurred herein; and

11.    For such other and further relief as the court deems just and proper.

Dated:  January 24, 2018                    **ABIR COHEN TREYZON SALO, LLP**


By: _____

Boris Treyzon, Esq.
Douglas A. Rochen, Esq.
Derek S. Chaiken, Esq.
Aaron Lavine, Esq.
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in the instant action on all stated claims for relief.

Dated: January 24, 2018                    **ABIR COHEN TREYZON SALO, LLP**

By: _____
    Boris Treyzon, Esq.
    Douglas A. Rochen, Esq.
    Derek S. Chaiken, Esq.
    Aaron Lavine, Esq.
    Attorney for Plaintiffs

COMPLAINT FOR DAMAGES